If the two experts disagree on the genuineness of a signature submitted to them, a third cannot be appointed:

An instrument is; not void because it wants a date

Experts cannot proceed with *one* piece of comparison only,

## *BARFIELD* vs. *HEWLETT*.

**APPEAL** from the court of the first district.

**MARTIN, J.** delivered the opinion of the court. The plaintiff claims as his property, certain slaves in the possession of the defendant. The latter pleaded the general issue, and averred himself to be a *bona fide* purchaser. There was judgment against him, and he appealed.

1. At the trial, two experts were appointed to pronounce on the verity of the signature of the defendant's vendor, to an agreement acknowledging the plaintiff's title to the slaves.

The experts being unable to agree, the court on the plaintiff's motion appointed a third; notwithstanding the opposition of the defendant, who took a bill of exceptions.

2. The original of the copy of the bill of sale, annexed to the defendant's answer, under which he claimed, being offered as a sole piece of comparison, to be acted by the experts, the defendant objected to its admission as such, on the ground that it was neither proven nor admitted, that Barfield the vendor, and the person who subscribed the agreement were the same individual. The objection being overruled, the defendant took a second bill of exceptions.

3. On the report of the experts, the defendant objected to the reading of the agreement, on the ground that as to him, a third person, it had no date: the objection was overruled by a third bill of exception taken.

I. This court is of opinion that the district court erred, in appointing a third expert: contested signatures are directed to be submitted to two persons, having skill to judge of handwriting, who shall report on oath. *Civ. Code*, 306, *art.* 26. Unanimity in the two experts is required. to establish the signature; and no

Eastern Dist. power is given to the courts, on the disagree-
June, 18 7.
ment of the experts to appoint a third; the

BARFIELD
vs.         opinion of the third expert, being balanced by
HEWLETT.
that with whom he does not concur, or those of the two original experts balancing each other, it will follow that the signature will be proven or disproven by one expert only. Whether in such a case the two experts are to be discharged, and two others appointed, will be examined, when the opinion of another court on this point, being complained of, will make it proper for us to do so.

II. The code, *loco citato*, requires the contested signature to be tested by a comparison with *papers* acknowledged to have been signed by the party. This mode of evidence is in most cases very unsafe, even where there are several pieces of comparison; the code requires more than one; and nothing authorises to proceed on a single one.

III. The want of a date does not render an instrument void, and therefore ought not to prevent its being read, the objection to the reading of the agreements *by* the court has less force than that to its being read *to the jury.* After it is read the tribunal trying the cause may ascertain the period of the confection of

an undated agreement by circumstances. We think the court did not err in allowing the agreement to be read.

The opinion we have formed on the bills of exceptions taken by the defendant requiring us to remand the case, it becomes our duty to examine a bill of exceptions of the appellee who complains of the decision of the first judge.

The defendant objected to the reading of certain depositions taken by the plaintiff before George W. Oliver, a commissioner of the district court, on the ground that it did not sufficiently appear, as was alleged, that the witnesses had been *sworn.*

The commissioner's certificate states that he took the depositions of Batten, Cox, Campbell, Barfield and Elam, and that said witnesses being *duly sworn*, upon the evangelists of Almighty God, *deposeth and sayeth.* Every witness, subscribes his own deposition at the foot of which the commissioner attests he swore thereto; and this circumstance is repeated in the conclusion.

It is not complained that the signatures of the commissioner is not genuine, and we are unable to discover on what the objection stands.

Eastern Dis't,   It is therefore ordered, adjudged and de-
*June*, 1827,
⁓⁓⁓       creed, that the judgment of the district court
BARFIELD
*vs.*        be annulled, avoided and reversed, and the
HEWLETT.
case remanded with directions to the judge to
proceed thereon according to law, particularly
not to appoint a third expert, and to require the
production of more than one piece of com-
parison, and it is ordered that the appellee pay
costs in this court.

*Pierce* for the plaintiff, *Grymes* for the de-
fendant.